UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IHOSVANNI GARCIA CALAS,

Petitioner,

v. Case No.: 2:26-cv-01798-SPC-NPM

I.C.E. FIELD OFFICE DIRECTOR *et al*,

Respondents,

_______________________________/

**OPINION AND ORDER**

Before the Court are petitioner Ihosvanni Garcia Calas's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).

Garcia Calas is a native of Cuba who entered the United States in 1983 and became a lawful permanent resident. He was convicted of several charges in 1996, and an immigration judge ordered him deported to Cuba. The deportation order became final in 1997, upon dismissal of Garcia Calas's appeal. Garcia Calas has been in and out of prison since then. He was convicted of resisting an officer and destroying evidence in 2000, burglary and larceny in 2014, and damaging property, burglary, and larceny in 2016. On October 14, 2025, he was convicted of burglary, grand theft, and criminal mischief and sentenced to 60 days in jail. Immigration and Customs Enforcement ("ICE") took custody of Garcia Calas on March 17, 2026, and

detained him at Alligator Alcatraz. Garcia Calas claims his detention is unlawful because ICE cannot remove him in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

> foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Garcia Calas carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. There is no agreement between the U.S. and Cuba to pave the way for his repatriation. The burden shifts to the government, but it makes no attempt at rebuttal. The Court finds no significant likelihood Garcia Calas will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id.* Given Garcia Calas's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Ihosvanni Garcia Calas's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Garcia Calas poses a danger to the community sufficient to justify continued detention.
2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.
3. Garcia Calas may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on September 21, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record